E-FILED
Thursday, 04 August, 2011  01:18:35 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| LA ANGELIA R MOORE, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 11-cv-1269 |
| A PLUS HOME HEALTHCARE, | ) |
| Defendant. | ) |

# O R D E R & O P I N I O N

This is a discrimination case brought pursuant to Title VII of the Civil Rights Act of 1964. On July 19, 2011 Plaintiff filed a "Motion . . . Requesting Respectfully this Honorable [sic] to Grant her additional time to file her complaint." (Doc. 1).[1] At this time, Plaintiff also filed a Motion for Leave to Proceed in Forma Pauperis (Doc. 2); and a Motion to Appoint Counsel (Doc. 3). These motions are ripe for adjudication and the Court will now rule on them.

Plaintiff's Request for Additional Time to File Complaint

A plaintiff alleging a Title VII violation must bring suit within 90 days of receiving a right-to-sue letter from the Equal Employment Opportunity Commission (EEOC). See 42 U.S.C. § 2000e5(f)(1). This period is strictly enforced. *See e.g., Jackson v. Fed. Bur. Of Investigation*, 2007 WL 2492069, at *5 (N.D.Ill. Aug. 28,

---

[1] Plaintiff later filed her Complaint via hand-delivery on August 2, 2011. (Doc. 4).

2007) (noting "[t]he time limit is not flexible, even for pro se litigants, and a one-day delay is fatal."). Rule 3 of the Federal Rules of Civil Procedure states that "[a] civil action is commenced by filing a complaint with the court." A complaint must contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

A review of Plaintiff's request for additional time to file a complaint reveals that her request is not sufficient to constitute a complaint because there is nothing contained therein indicating why Plaintiff might be entitled to relief. Furthermore, Plaintiff herself indicates that she does not consider her request itself to constitute a complaint. *See, e.g.,* Doc. 1 at 2 "The lawsuit *would be* short . . .." (emphasis added). Consequently, the Court concludes that Plaintiff's motion for an extension of time does not constitute a complaint.

Furthermore, Plaintiff's Complaint filed on August 2, 2011 cannot be held to relate back to her filing of July 17, 2011. *See Baldwin County Welcome Center v. Brown*, 466 U.S. 147 (1984) (Holding that filing of a Complaint (or Amended Complaint as plaintiff might argue) does not relate back to the date on which a right to sue letter was filed with the Court, because a right to sue letter does not constitute a complaint within the meaning of Rule 3). As the Supreme Court has stated, "Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." *Id*. at 152.

In light of the foregoing, Plaintiff's motion for an extension of time to file her complaint is DENIED and the CLERK is DIRECTED to correct the docket to reflect that Doc. 1 is a motion, rather than a complaint.

Motion for Leave to Proceed in Forma Pauperis

Plaintiffs are generally required to pay a fee of $350.00 to file a civil case in the Central District of Illinois. Notwithstanding that this fee is recoverable should Plaintiff prevail in her suit, Plaintiff asks the Court to waive this fee by allowing her to proceed in forma pauperis.

In order to grant leave to proceed in forma pauperis, the court must determine that petitioner is indigent and that the action is neither frivolous nor malicious. *Smith-Bey v. Hospital Administrator*, 841 F.2d 751, 757-58 (7th Cir. 1988). At this point in time, Moore fails on both counts. With respect to indigent status, Plaintiff claims that she is presently making car payments, house payments, and that she has other loans. Furthermore, she pays insurance on one or more of these items. Thus, it is clear that Plaintiff has money coming into her possession and flowing out of her possession. However, the amount of this cash flow has not been established. Consequently, the Court is unable to determine whether Plaintiff qualifies as indigent.

With respect to frivolity, the Court concludes that this claim would be frivolous if it is time-barred (i.e., if the Complaint filed on August 2, 2011 was filed after the 90-day deadline discussed, *supra*). Plaintiff has failed to file a copy of her right-to-sue letter from the EEOC. Without this letter, the Court is unable to

determine whether her claim is time-barred. Consequently, Plaintiff has failed to establish that her claim is not frivolous.

Because Plaintiff has failed to demonstrate her entitlement to proceed in forma pauperis, the Court DENIES her petition without prejudice. If Plaintiff wishes to file a new petition in the future, she may do so subject to the following conditions: First, Plaintiff will need to file a copy of her right to sue letter so that the Court may determine whether her claim is time-barred. Second, Plaintiff must fully document her income and expenses. To aid her in this task, the Clerk will enclose, along with a copy of this Order, a form entitled "Affidavit Accompanying Motion to Proceed in Forma Pauperis." The Plaintiff is DIRECTED to fill out this form in its entirety, leaving no blanks. The failure of the Plaintiff to fully complete this form will result in the denial with prejudice of her petition to proceed in forma pauperis. Plaintiff is FURTHER DIRECTED to file the aforementioned items within 10 days of the filing of this order. The failure of the Plaintiff to comply with this directive will render her case subject to dismissal without further notice.

## Motion to Appoint Counsel

Because Plaintiff has failed to establish that she is eligible to proceed in forma pauperis, she is unable to establish at this time that she is eligible for appointment of counsel. Consequently, the Court DENIES without prejudice Plaintiff's motion to appoint counsel. If Plaintiff complies with the Court's directives, *supra*, and timely submits proof of her eligibility to proceed in forma pauperis, then she may subsequently file a new motion for appointment of counsel.

CONCLUSION

For the foregoing reasons, Plaintiff's motion for an extension of time to file her complaint (Doc. 1) is DENIED and the CLERK is DIRECTED to correct the docket to reflect that Doc. 1 is a motion, rather than a complaint; Plaintiff's Motion for Leave to Proceed in Forma Pauperis (Doc. 2) is DENIED without prejudice and the CLERK is DIRECTED to mail Plaintiff a copy of the form entitled "Affidavit Accompanying Motion to Proceed In Forma Pauperis; and Plaintiff's Motion to Appoint Counsel (Doc. 3) is DENIED without prejudice. IT IS SO ORDERED.

Entered this <u>3rd</u> day of August, 2011.

                                                 s/ Joe B. McDade
                                                 JOE BILLY McDADE
                                                 United States Senior District Judge